# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

---

Case Caption: Brotherston et al v. Putnam Investments, LLC et al

District Court Number: 15cv13825-WGY

---

Fee: Paid? Yes X No ____ Government filer ____ *In Forma Pauperis* Yes ____ No ____

---

| | | | |
|---|---|---|---|
| Motions Pending | Yes ____ No X | Sealed documents | Yes ____ No X |
| *If yes, document #* | ________ | *If yes, document #* | ________ |
| *Ex parte* documents | Yes ____ No X | Transcripts | Yes X No ____ |
| *If yes, document #* | ________ | *If yes, document #* | 41,86,121,122,172-186 |

---

Notice of Appeal filed by: Plaintiff/Petitioner X Defendant/Respondent ____ Other: ____

Appeal from:

#202 Findings of Fact and Conclusions of Law, #203 Judgment

Other information:

---

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#202, #203, and #204

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 204 filed on July 17, 2017.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on July 17, 2017.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

---

COURT OF APPEALS DOCKET NUMBER ASSIGNED: ____________________

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:15-cv-13825-WGY

Brotherston et al v. Putnam Investments, LLC et al
Assigned to: Judge William G. Young
Cause: 29:1001 E.R.I.S.A.: Employee Retirement

Date Filed: 11/13/2015
Date Terminated: 06/19/2017
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

**John Brotherston**
*individually and as representative of a class of similarly situated persons, and on behalf of the Putnam Retirement Plan*

represented by **Brandon T. McDonough**
Nichols Kaster PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612) 256-3270
Email: bmcdonough@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carl F. Engstrom**
Nicholas Kaster PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 256-3233
Email: cengstrom@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob T. Schutz**
Nicholas Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 256-3288
Email: jschutz@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James H. Kaster**
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 256-3200
Email: kaster@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Leviton**
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110
617-398-5600
Fax: 617-507-6020
Email: jason@blockesq.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kai H. Richter**
Nichols Kaster PLLP
4600 IDS Center
80 South Eight Street
Minneapolis, MN 55402
612-256-3200
Fax: 612-215-6870
Email: krichter@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul J. Lukas**
Nichols Kaster & Anderson LLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-256-3200
Fax: 612-215-6870
Email: lukas@nka.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bradley J. Vettraino**
Block & Leviton LLP
Suite 400
155 Federal Street,
Boston, MA 02110
617-398-5600
Email: bradley@blockesq.com
*ATTORNEY TO BE NOTICED*

**Jacob A. Walker**
Block & Leviton LLP
Suite 400
155 Federal Street,
Boston, MA 02110
617-398-5600
Email: jake@blockesq.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joan Glancy**
*individually and as representative of a class of similarly situated persons, and on behalf of the Putnam Retirement Plan*

represented by **Brandon T. McDonough**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carl F. Engstrom**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob T. Schutz**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James H. Kaster**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason M. Leviton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kai H. Richter**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bradley J. Vettraino**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob A. Walker**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Putnam Investments, LLC** represented by

**Eben P. Colby**
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
617-573-4800
Fax: 617-573-4822
Email: Eben.Colby@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
617-573-4800
Fax: 617-573-4822
Email: James.Carroll@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
617-573-4863
Fax: 617-573-4822

Email: Michael.Hines@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
Skadden, Arps, Slate, Meagher, & Flom LLP
525 University Avenue
Palo Alto, CA 94301
650-470-4550
Email: raoul.kennedy@skadden.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Putnam Benefits Administration Committee**
*TERMINATED: 11/22/2016*

represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Putnam Benefits Investment Committee**

represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Reynolds** represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-30** represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Putnam Investment Management LLC** represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Putnam Investor Services, Inc.** represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ellen Neary**
*TERMINATED: 03/10/2016* represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Putnam Benefits Oversight Committee** represented by **Eben P. Colby**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S. Hines**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Raoul D. Kennedy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2015 | 1 | COMPLAINT against Robert Reynolds, Putnam Benefits Administration Committee, Putnam Investments, LLC, Putnam Benefits Investment Committee Filing fee: $ 400, receipt number 0101-5841335 (Fee Status: Filing Fee paid), filed by John Brotherston, Joan Glancy. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Leviton, Jason) (Entered: 11/13/2015) |
| 11/13/2015 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the |

| | | |
|---|---|---|
| | | matter will be transmitted to Magistrate Judge M. Page Kelley. (Abaid, Kimberly) (Entered: 11/13/2015) |
| 11/13/2015 | 3 | Summons Issued as to Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Abaid, Kimberly) (Entered: 11/13/2015) |
| 11/18/2015 | 4 | SUMMONS Returned Executed Putnam Investments, LLC served on 11/16/2015, answer due 12/7/2015. (Leviton, Jason) (Entered: 11/18/2015) |
| 11/25/2015 | 5 | SUMMONS Returned Executed Putnam Benefits Administration Committee served on 11/18/2015, answer due 12/9/2015. (Leviton, Jason) (Entered: 11/25/2015) |
| 11/25/2015 | 6 | SUMMONS Returned Executed Putnam Benefits Investment Committee served on 11/18/2015, answer due 12/9/2015. (Leviton, Jason) (Entered: 11/25/2015) |
| 12/01/2015 | 7 | NOTICE of Appearance by James R. Carroll on behalf of John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds (Carroll, James) (Entered: 12/01/2015) |
| 12/01/2015 | 8 | NOTICE of Appearance by Eben P. Colby on behalf of John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds (Colby, Eben) (Entered: 12/01/2015) |
| 12/01/2015 | 9 | NOTICE of Appearance by Michael S. Hines on behalf of John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds (Hines, Michael) (Entered: 12/01/2015) |
| 12/01/2015 | 10 | CORPORATE DISCLOSURE STATEMENT by Putnam Investments, LLC. (Carroll, James) (Entered: 12/01/2015) |
| 12/01/2015 | 11 | Joint MOTION for Extension of Time *To Respond To Complaint And To Set Briefing Schedule* by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds.(Carroll, James) (Entered: 12/01/2015) |
| 12/01/2015 | 12 | NOTICE of Appearance by Bradley J. Vettraino on behalf of John Brotherston, Joan Glancy (Vettraino, Bradley) (Entered: 12/01/2015) |

| | | |
|---|---|---|
| 12/01/2015 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Kai H. Richter Filing fee: $ 100, receipt number 0101-5868430 by John Brotherston, Joan Glancy. (Attachments: # 1 Certification of Kai H. Richter)(Leviton, Jason) (Entered: 12/01/2015) |
| 12/01/2015 | 14 | MOTION for Leave to Appear Pro Hac Vice for admission of Carl F. Engstrom Filing fee: $ 100, receipt number 0101-5868459 by John Brotherston, Joan Glancy. (Attachments: # 1 Certification of Carl F. Engstrom)(Leviton, Jason) (Entered: 12/01/2015) |
| 12/02/2015 | 15 | Judge William G. Young: ELECTRONIC ORDER entered granting re 13 and 14 Motion for Leave to Appear Pro Hac Vice. Added Carl F. Engstrom and Kai H. Richter. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: 12/02/2015) |
| 12/02/2015 | 16 | Judge William G. Young: ORDER entered: Allowed as modified 11 Joint MOTION for Extension of Time To Respond To Complaint And To Set Briefing Schedule. (Paine, Matthew) (Entered: 12/02/2015) |
| 01/08/2016 | 17 | MOTION to Dismiss by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds.(Carroll, James) (Entered: 01/08/2016) |
| 01/08/2016 | 18 | MEMORANDUM in Support re 17 MOTION to Dismiss filed by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds. (Attachments: # 1 Appendix A)(Carroll, James) (Entered: 01/08/2016) |
| 01/08/2016 | 19 | DECLARATION re 17 MOTION to Dismiss by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investments, LLC, Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22)(Hines, Michael) (Entered: 01/08/2016) |
| 01/11/2016 | 20 | ELECTRONIC NOTICE issued requesting courtesy copy for 19 Declaration 17 MOTION to Dismiss , 18 Memorandum in Support of Motion,. Counsel who filed this document are requested to |

| | | |
|---|---|---|
| | | submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 01/11/2016) |
| 01/12/2016 | 21 | ELECTRONIC NOTICE Setting Hearing on Motion 17 MOTION to Dismiss : Motion Hearing set for 2/19/2016 02:00 PM in Courtroom 18 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 01/12/2016) |
| 01/19/2016 | 22 | AMENDED COMPLAINT against Robert Reynolds, John Does 1-30, Putnam Investments, LLC, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investor Services, Inc., Ellen Neary, filed by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Richter, Kai) (Entered: 01/19/2016) |
| 01/20/2016 | 23 | Summons Issued as to Ellen Neary, Putnam Investment Management LLC, Putnam Investor Services, Inc.. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Paine, Matthew) (Entered: 01/20/2016) |
| 01/21/2016 | 24 | Joint MOTION to Amend 21 Notice of Hearing on Motion *to Dismiss* by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 01/21/2016) |
| 01/25/2016 | 25 | Judge William G. Young: ELECTRONIC ORDER entered granting 24 Joint Motion to Amend to Amend. (Gaudet, Jennifer) (Entered: 01/25/2016) |
| 01/25/2016 | 26 | ELECTRONIC NOTICE Canceling Hearing. The motion hearing set for 2/19/2016 at 2:00 PM is canceled. The motion to dismiss is moot. Amended complaint filed on 1/19/2016 22 . (Gaudet, Jennifer) (Entered: 01/25/2016) |
| 01/25/2016 | 27 | Judge William G. Young: ELECTRONIC ORDER entered finding as moot 17 Motion to Dismiss. Amended complaint filed on 1/19/2016. (Gaudet, Jennifer) (Entered: 01/25/2016) |
| 02/05/2016 | 28 | NOTICE of Appearance by James R. Carroll on behalf of Ellen Neary, Putnam Investment Management LLC, Putnam Investor Services, Inc. (Carroll, James) (Entered: 02/05/2016) |
| 02/05/2016 | 29 | NOTICE of Appearance by Eben P. Colby on behalf of Ellen Neary, Putnam Investment Management LLC, Putnam Investor Services, Inc. (Colby, Eben) (Entered: 02/05/2016) |

| | | |
|---|---|---|
| 02/05/2016 | 30 | NOTICE of Appearance by Michael S. Hines on behalf of Ellen Neary, Putnam Investment Management LLC, Putnam Investor Services, Inc. (Hines, Michael) (Entered: 02/05/2016) |
| 02/05/2016 | 31 | CORPORATE DISCLOSURE STATEMENT by Putnam Investment Management LLC, Putnam Investor Services, Inc.. (Carroll, James) (Entered: 02/05/2016) |
| 02/05/2016 | 32 | MOTION to Dismiss 22 *The First Amended Complaint* by John Does 1-30, Ellen Neary, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 02/05/2016) |
| 02/05/2016 | 33 | MEMORANDUM in Support re 32 MOTION to Dismiss 22 *The First Amended Complaint* filed by John Does 1-30, Ellen Neary, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Appendix A)(Carroll, James) (Entered: 02/05/2016) |
| 02/05/2016 | 34 | DECLARATION re 32 MOTION to Dismiss 22 *The First Amended Complaint* by John Does 1-30, Ellen Neary, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23)(Hines, Michael) (Entered: 02/05/2016) |
| 02/08/2016 | 35 | ELECTRONIC NOTICE issued requesting courtesy copy for 34 Declaration 33 Memorandum in Support of Motion, 32 MOTION to Dismiss 22 *The First Amended Complaint*. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 02/08/2016) |
| 02/08/2016 | 36 | ELECTRONIC NOTICE Setting Hearing on Motion 32 MOTION to Dismiss 22 *The First Amended Complaint* : Motion Hearing set for 3/9/2016 02:00 PM before Judge William G. Young. This hearing will take place at Suffolk Law School, 120 Tremont |

| | | |
|---|---|---|
| | | Street, 4th Floor, Boston, MA. (Gaudet, Jennifer) (Entered: 02/08/2016) |
| 02/22/2016 | 37 | MEMORANDUM in Opposition re 32 MOTION to Dismiss *22 The First Amended Complaint* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 02/22/2016) |
| 03/03/2016 | 38 | REPLY to Response to 32 MOTION to Dismiss *22 The First Amended Complaint* filed by John Does 1-30, Ellen Neary, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 03/03/2016) |
| 03/08/2016 | 39 | NOTICE of Appearance by Jacob A. Walker on behalf of John Brotherston, Joan Glancy (Walker, Jacob) (Entered: 03/08/2016) |
| 03/09/2016 | 40 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 3/9/2016 at Suffolk Law School re 32 MOTION to Dismiss *22 The First Amended Complaint* filed by Putnam Benefits Investment Committee, Ellen Neary, John Does 1-30, Putnam Investment Management LLC, Robert Reynolds, Putnam Investments, LLC, Putnam Benefits Administration Committee, Putnam Investor Services, Inc. After hearing from counsel, the Court grants the motion to dismiss as to defendant Neary and takes the matter under advisement as to remaining defendants. Defendant Neary is dismissed. The case is placed on the running trial list for April 2017. Counsel are instructed to file a joint proposed case management schedule within two weeks. (Ready for Trial on 4/3/2017 09:00 AM in Courtroom 18 before Judge William G. Young.) (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Walker for the plaintiff, Carroll for the defendants) (Gaudet, Jennifer) (Entered: 03/10/2016) |
| 03/14/2016 | 41 | Transcript of Motion to Dismiss Hearing held on March 9, 2016, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 4/4/2016. Redacted Transcript Deadline set for 4/14/2016. Release of Transcript Restriction set for 6/13/2016. (Scalfani, Deborah) (Entered: 03/14/2016) |
| 03/14/2016 | 42 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: |

| | | |
|---|---|---|
| | | 03/14/2016) |
| 03/16/2016 | 43 | Proposed Document(s) submitted by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. Document received: [Proposed] Case Management Schedule. (Carroll, James) (Entered: 03/16/2016) |
| 03/23/2016 | 44 | Judge William G. Young: ORDER entered. SCHEDULING ORDER: Discovery to be completed by 12/12/2016; Dispositive Motions due by 1/9/2017(Paine, Matthew) (Entered: 03/23/2016) |
| 03/31/2016 | 45 | Joint MOTION For Entry Of An Order For The Protection And Exchange Of Confidential Information by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit A)(Carroll, James) (Entered: 03/31/2016) |
| 04/01/2016 | 46 | Judge William G. Young: ORDER entered. STIPULATION AND ORDER for the Protection and Exchange of Confidential Information. (Attachments: # 1 Exhibit 1)(Paine, Matthew) (Entered: 04/01/2016) |
| 04/07/2016 | 47 | Judge William G. Young: ORDER entered denying 32 Motion to Dismiss (Paine, Matthew) (Entered: 04/07/2016) |
| 04/21/2016 | 48 | ANSWER to 22 Amended Complaint, by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 04/21/2016) |
| 06/10/2016 | 49 | MOTION for Leave to Appear Pro Hac Vice for admission of James H. Kaster Filing fee: $ 100, receipt number 0101-6151827 by John Brotherston, Joan Glancy. (Attachments: # 1 Certification of James H. Kaster)(Leviton, Jason) (Entered: 06/10/2016) |
| 06/13/2016 | 50 | Judge William G. Young: ELECTRONIC ORDER entered granting 49 Motion for Leave to Appear Pro Hac Vice Added James H. Kaster. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: 06/13/2016) |

| | | |
|---|---|---|
| 06/15/2016 | 51 | NOTICE of Appearance by James H. Kaster on behalf of John Brotherston, Joan Glancy (Kaster, James) (Entered: 06/15/2016) |
| 08/04/2016 | 52 | Joint MOTION to Amend 44 Scheduling Order *to Extend Class Certification Motion Deadline* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 08/04/2016) |
| 08/15/2016 | 54 | Judge William G. Young: ORDER entered approving 52 Joint Motion to Amend Scheduling Order to Extend Class Certification Motion Deadline. (Gaudet, Jennifer) (Entered: 08/23/2016) |
| 08/17/2016 | 53 | Assented to MOTION to Impound Certain Documents in Connection With Their Forthcoming Motion to Compel by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 08/17/2016) |
| 09/06/2016 | 55 | Judge William G. Young: ELECTRONIC ORDER entered re 53 Assented to MOTION to Impound Certain Documents in Connection With Their Forthcoming Motion to Compel.<br><br>Denied. Court proceedings are public proceedings and no justification is advanced for this extrodinary request. Surely a motion to compel can properly be resolved without reference to personal customer records or trade secrets.<br><br>(Paine, Matthew) (Entered: 09/06/2016) |
| 09/09/2016 | 56 | MOTION to Compel *Defendants to Produce Certain Documents* by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 09/09/2016) |
| 09/09/2016 | 57 | MEMORANDUM in Support re 56 MOTION to Compel *Defendants to Produce Certain Documents* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 09/09/2016) |
| 09/09/2016 | 58 | DECLARATION re 56 MOTION to Compel *Defendants to Produce Certain Documents* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Richter, Kai) (Entered: 09/09/2016) |
| 09/23/2016 | 59 | MEMORANDUM in Opposition re 56 MOTION to Compel *Defendants to Produce Certain Documents* filed by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 09/23/2016) |
| 09/23/2016 | 60 | AFFIDAVIT re 59 Memorandum in Opposition to Motion, by John Does 1-30, Putnam Benefits Administration Committee, Putnam Benefits Investment Committee, Putnam Investment |

| | | |
|---|---|---|
| | | Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Hines, Michael) (Entered: 09/23/2016) |
| 09/28/2016 | 61 | Judge William G. Young: ELECTRONIC ORDER entered re 56 MOTION to Compel Defendants to Produce Certain Documents.<br><br>Items 1,2,3 - to the extent they were submitted to the PBIC for the August 28, 2009 meeting - are ordered produced within 30 days of the date of this order. No documents "relating to" these documents need be produced. Upon the representation that no such "opinion from outside counsel" exists, it obviously need not be produced.<br><br>(Paine, Matthew) (Entered: 09/28/2016) |
| 11/03/2016 | 62 | MOTION for Leave to Appear Pro Hac Vice for admission of Brandon McDonough Filing fee: $ 100, receipt number 0101-6360200 by John Brotherston, Joan Glancy. (Attachments: # 1 Certification of Applicant)(Leviton, Jason) (Entered: 11/03/2016) |
| 11/03/2016 | 63 | Judge William G. Young: ELECTRONIC ORDER entered granting 62 Motion for Leave to Appear Pro Hac Vice. Added Brandon T. McDonough. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: 11/03/2016) |
| 11/07/2016 | 64 | MOTION to Certify Class by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 11/07/2016) |
| 11/07/2016 | 65 | MEMORANDUM in Support re 64 MOTION to Certify Class filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 11/07/2016) |
| 11/07/2016 | 66 | DECLARATION re 64 MOTION to Certify Class *of Kai H. Richter* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31)(Richter, Kai) (Entered: 11/07/2016) |

| | | |
|---|---|---|
| 11/07/2016 | 67 | DECLARATION re 64 MOTION to Certify Class *of John Brotherston* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 11/07/2016) |
| 11/07/2016 | 68 | DECLARATION re 64 MOTION to Certify Class *of Joan Glancy* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 11/07/2016) |
| 11/07/2016 | 69 | DECLARATION re 64 MOTION to Certify Class *of Martin Schmidt* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1)(Richter, Kai) (Entered: 11/07/2016) |
| 11/07/2016 | 70 | DECLARATION re 64 MOTION to Certify Class *of Steve Pomerantz* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1)(Richter, Kai) (Entered: 11/07/2016) |
| 11/08/2016 | 71 | ELECTRONIC NOTICE issued requesting courtesy copy for 69 Declaration, 67 Declaration, 66 Declaration,, 65 Memorandum in Support of Motion, 70 Declaration, 68 Declaration, 64 MOTION to Certify Class . Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine, Docket Clerk, Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 11/08/2016) |
| 11/22/2016 | 72 | STIPULATION *Regarding Second Amended Complaint* by John Brotherston, Joan Glancy. (Attachments: # 1 Second Amended Complaint)(Richter, Kai) (Entered: 11/22/2016) |
| 11/22/2016 | 73 | AMENDED COMPLAINT *(Second)* against Robert Reynolds, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, filed by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Richter, Kai) (Entered: 11/22/2016) |
| 11/22/2016 | 74 | ELECTRONIC NOTICE Setting Hearing on Motion 64 MOTION to Certify Class : Motion Hearing set for 12/8/2016 02:30 PM in Courtroom 8 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 11/22/2016) |
| 11/23/2016 | 75 | Summons Issued as to Putnam Benefits Oversight Committee. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Paine, Matthew) (Entered: 11/23/2016) |

| | | |
|---|---|---|
| 11/28/2016 | 76 | STIPULATION *Regarding Service of Second Amended Complaint on Putnam Benefit Oversight Committee* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 11/28/2016) |
| 11/29/2016 | 77 | NOTICE of Appearance by James R. Carroll on behalf of Putnam Benefits Oversight Committee (Carroll, James) (Entered: 11/29/2016) |
| 11/29/2016 | 78 | MEMORANDUM in Opposition re 64 MOTION to Certify Class filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Appendix A)(Colby, Eben) (Entered: 11/29/2016) |
| 11/29/2016 | 79 | NOTICE of Appearance by Michael S. Hines on behalf of Putnam Benefits Oversight Committee (Hines, Michael) (Entered: 11/29/2016) |
| 11/29/2016 | 80 | DECLARATION re 78 Memorandum in Opposition to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37)(Hines, Michael) (Entered: 11/29/2016) |
| 11/29/2016 | 81 | NOTICE of Appearance by Eben P. Colby on behalf of Putnam Benefits Oversight Committee (Colby, Eben) (Entered: 11/29/2016) |
| 11/30/2016 | 82 | ELECTRONIC NOTICE issued requesting courtesy copy for 80 Declaration. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 11/30/2016) |
| 12/06/2016 | 83 | ANSWER to 73 Amended Complaint, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, |

| | | |
|---|---|---|
| | | Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 12/06/2016) |
| 12/07/2016 | 84 | REPLY to Response to 64 MOTION to Certify Class filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 12/07/2016) |
| 12/07/2016 | 85 | DECLARATION re 84 Reply to Response to Motion by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Richter, Kai) (Entered: 12/07/2016) |
| 12/08/2016 | 88 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 12/8/2016 re 64 MOTION to Certify Class filed by Joan Glancy, John Brotherston. After hearing from counsel, the Court enters an Order granting 64 Motion to Certify Class. There will be two sub classes, one for those with releases and one for those without releases. (Court Reporter: Richard Romanow at bulldog@richromanow.com.) (Attorneys present: Engstrom, Kaster for the plaintiffs and Carroll for the defendants) (Gaudet, Jennifer) (Entered: 12/13/2016) |
| 12/09/2016 | 86 | Transcript of Preliminary Motion to Certify a Class held on December 8, 2016, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 12/30/2016. Redacted Transcript Deadline set for 1/9/2017. Release of Transcript Restriction set for 3/9/2017. (Scalfani, Deborah) (Entered: 12/09/2016) |
| 12/09/2016 | 87 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 12/09/2016) |
| 01/09/2017 | 89 | MOTION for Summary Judgment by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 01/09/2017) |
| 01/09/2017 | 90 | MEMORANDUM in Support re 89 MOTION for Summary Judgment filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 01/09/2017) |

| | | |
|---|---|---|
| 01/09/2017 | 91 | Statement of Material Facts L.R. 56.1 re 89 MOTION for Summary Judgment filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 01/09/2017) |
| 01/09/2017 | 92 | DECLARATION re 89 MOTION for Summary Judgment by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18 (Part 1 of 3), # 19 Exhibit 18 (Part 2 of 3), # 20 Exhibit 18 (Part 3 of 3), # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Exhibit 53, # 56 Exhibit 54, # 57 Exhibit 55, # 58 Exhibit 56, # 59 Exhibit 57, # 60 Exhibit 58, # 61 Exhibit 59, # 62 Exhibit 60, # 63 Exhibit 61, # 64 Exhibit 62, # 65 Exhibit 63, # 66 Exhibit 64, # 67 Exhibit 65, # 68 Exhibit 66, # 69 Exhibit 67, # 70 Exhibit 68, # 71 Exhibit 69)(Hines, Michael) (Entered: 01/09/2017) |
| 01/09/2017 | 93 | MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 01/09/2017) |
| 01/09/2017 | 94 | MEMORANDUM in Support re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 01/09/2017) |
| 01/09/2017 | 95 | Statement of Material Facts L.R. 56.1 re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 01/09/2017) |
| 01/09/2017 | 96 | DECLARATION re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order of Kai H. Richter* by John Brotherston, Joan Glancy. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Richter, Kai) (Entered: 01/09/2017) |
| 01/09/2017 | 97 | DECLARATION re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order of Carl F. Engstrom* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49)(Richter, Kai) (Entered: 01/09/2017) |
| 01/10/2017 | 98 | ELECTRONIC NOTICE issued requesting courtesy copy for 96 Declaration, 91 Statement of Material Facts L.R. 56.1, 90 Memorandum in Support of Motion, 95 Statement of Material Facts L.R. 56.1, 97 Declaration 92 Declaration 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order*, 89 MOTION for Summary Judgment , 94 Memorandum in Support of Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by Attention Matthew Paine - Docket Clerk - Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 01/10/2017) |
| 01/10/2017 | 99 | ELECTRONIC NOTICE Setting Hearing on Motion 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order*, 89 MOTION for Summary Judgment : Motion Hearing set for 2/27/2017 02:00 PM before Judge William G. Young. This hearing will be held at Boston University Law School, 765 Commonwealth Avenue, 6th Floor, Boston, MA. (Gaudet, Jennifer) (Entered: 01/10/2017) |
| 01/27/2017 | 100 | MOTION for Leave to Appear Pro Hac Vice for admission of Paul J. Lukas Filing fee: $ 100, receipt number 0101-6471052 by John Brotherston. (Attachments: # 1 Affidavit)(Leviton, Jason) (Entered: 01/27/2017) |
| 01/30/2017 | 101 | Judge William G. Young: ELECTRONIC ORDER entered granting 100 Motion for Leave to Appear Pro Hac Vice Added |

| | | |
|---|---|---|
| | | Paul J. Lukas. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: 01/30/2017) |
| 01/30/2017 | 102 | MEMORANDUM in Opposition re 89 MOTION for Summary Judgment filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 01/30/2017) |
| 01/30/2017 | 103 | Statement of Material Facts L.R. 56.1 re 89 MOTION for Summary Judgment *Presenting a Genuine Issue to be Tried* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 01/30/2017) |
| 01/30/2017 | 104 | DECLARATION re 89 MOTION for Summary Judgment *of Kai H. Richter* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, Part 1, # 42 Exhibit 41, Part 2, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63, # 65 Exhibit 64, # 66 Exhibit 65, # 67 Exhibit 66, # 68 Exhibit 67, # 69 Exhibit 68, # 70 Exhibit 69, # 71 Exhibit 70, # 72 Exhibit 71, # 73 Exhibit 72, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76, # 78 Exhibit 77, # 79 Exhibit 78)(Richter, Kai) (Entered: 01/30/2017) |
| 01/30/2017 | 105 | MEMORANDUM in Opposition re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 01/30/2017) |
| 01/30/2017 | 106 | Response by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management |

| | | |
|---|---|---|
| | | LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds to 95 Statement of Material Facts L.R. 56.1 . (Carroll, James) (Entered: 01/30/2017) |
| 01/30/2017 | 107 | DECLARATION re 106 Response, 105 Memorandum in Opposition to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Hines, Michael) (Entered: 01/30/2017) |
| 01/30/2017 | 108 | AFFIDAVIT of Edward F. Whalen, Jr. re 105 Memorandum in Opposition to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit A (Part 1 of 12), # 2 Exhibit A (Part 2 of 12), # 3 Exhibit A (Part 3 of 12), # 4 Exhibit A (Part 4 of 12), # 5 Exhibit A (Part 5 of 12), # 6 Exhibit A (Part 6 of 12), # 7 Exhibit A (Part 7 of 12), # 8 Exhibit A (Part 8 of 12), # 9 Exhibit A (Part 9 of 12), # 10 Exhibit A (Part 10 of 12), # 11 Exhibit A (Part 11 of 12), # 12 Exhibit A (Part 12 of 12))(Hines, Michael) (Entered: 01/30/2017) |
| 01/31/2017 | 109 | ELECTRONIC NOTICE issued requesting courtesy copy for 103 Statement of Material Facts L.R. 56.1, 102 Memorandum in Opposition to Motion, 108 Affidavit 104 Declaration 106 Response, 107 Declaration 105 Memorandum in Opposition to Motion,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine Docket Clerk Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 01/31/2017) |
| 02/13/2017 | 110 | REPLY to Response to 89 MOTION for Summary Judgment filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 02/13/2017) |
| 02/13/2017 | 111 | Response by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., |

| | | |
|---|---|---|
| | | Robert Reynolds to 103 Statement of Material Facts L.R. 56.1 . (Carroll, James) (Entered: 02/13/2017) |
| 02/13/2017 | 112 | REPLY to Response to 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 02/13/2017) |
| 02/13/2017 | 113 | DECLARATION re 111 Response, 110 Reply to Response to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Hines, Michael) (Entered: 02/13/2017) |
| 02/14/2017 | 114 | ELECTRONIC NOTICE issued requesting courtesy copy for 111 Response, 112 Reply to Response to Motion, 113 Declaration,,, 110 Reply to Response to Motion,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine Docket Clerk Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 02/14/2017) |
| 02/27/2017 | 115 | ELECTRONIC NOTICE of Hearing.Case Stated Hearing set for 2/28/2017 11:00 AM in Courtroom 18 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 02/27/2017) |
| 02/27/2017 | 117 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 2/27/2017 at BU Law School re 93 MOTION for Partial Summary Judgment *and for Modification of Class Certification Order* filed by Joan Glancy, John Brotherston, 89 MOTION for Summary Judgment filed by Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Benefits Oversight Committee, Robert Reynolds, Putnam Investments, LLC, Putnam Investor Services, Inc. The parties consent to proceed case stated on Counts 2 & 3, hearing set for 2/28/2017 at 11:00 AM. After hearing from counsel on remaining counts, the Court takes the matter under advisement. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Engstrom, Kaster |

| | | |
|---|---|---|
| | | and Richter for the plaintiffs, Carroll for the defendants) (Gaudet, Jennifer) (Entered: 03/02/2017) |
| 02/28/2017 | 118 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Case Stated Hearing held on 2/28/2017. Hearing held as to counts 2 & 3. After hearing from counsel, the Court takes the matter under advisement. Any supplemental briefing is welcomed but not required. A decision will not be held while waiting for additional briefing. This Court will begin working on the matter immediately. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Engstrom, Kaster, Richter and Walker for the plaintiffs, Carroll and Hines for the defendants) (Gaudet, Jennifer) (Entered: 03/02/2017) |
| 03/01/2017 | 116 | NOTICE by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds *Of Intent To File A Supplemental Brief In Connection With The Parties' Cross-Motions For Summary Judgment* (Carroll, James) (Entered: 03/01/2017) |
| 03/02/2017 | 119 | Judge William G. Young: ORDER entered. PROCEDURAL ORDER re pretrial/trial. Final Pretrial Conference set for 3/27/2017 02:00 PM before Judge William G. Young.(Gaudet, Jennifer) (Entered: 03/02/2017) |
| 03/03/2017 | 120 | Judge William G. Young: ORDER entered re 89 Motion for Summary Judgment and 93 MOTION for Partial Summary Judgment and for Modification of Class Certification Order (Paine, Matthew) (Entered: 03/03/2017) |
| 03/03/2017 | 121 | Transcript of Summary Judgment Hearing held on February 27, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 3/24/2017. Redacted Transcript Deadline set for 4/3/2017. Release of Transcript Restriction set for 6/1/2017. (Scalfani, Deborah) (Entered: 03/03/2017) |
| 03/03/2017 | 122 | Transcript of Case-Stated Hearing held on February 28, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 3/24/2017. Redacted Transcript Deadline set for 4/3/2017. Release of Transcript Restriction set for 6/1/2017. (Scalfani, Deborah) |

| | | |
|---|---|---|
| | | (Entered: 03/03/2017) |
| 03/03/2017 | 123 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at http://www.mad.uscourts.gov/attorneys/general-info.htm (Scalfani, Deborah) (Entered: 03/03/2017) |
| 03/06/2017 | 124 | Supplemental REPLY to Response to 89 MOTION for Summary Judgment filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 03/06/2017) |
| 03/06/2017 | 125 | DECLARATION re 124 Reply to Response to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Hines, Michael) (Entered: 03/06/2017) |
| 03/07/2017 | 126 | ELECTRONIC NOTICE issued requesting courtesy copy for 125 Declaration,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine Docket Clerk Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 03/07/2017) |
| 03/08/2017 | 127 | Supplemental RESPONSE to Motion re 89 MOTION for Summary Judgment filed by John Brotherston, Joan Glancy. (Kaster, James) (Entered: 03/08/2017) |
| 03/15/2017 | 128 | MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Absent Class Members' Releases* by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 03/15/2017) |
| 03/15/2017 | 129 | MEMORANDUM in Support re 128 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Absent Class Members' Releases* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 03/15/2017) |
| 03/15/2017 | 130 | MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Plaintiffs' Investments Outside the Putnam Retirement Plan* by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 03/15/2017) |

| | | |
|---|---|---|
| 03/15/2017 | 131 | MEMORANDUM in Support re 130 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Plaintiffs' Investments Outside the Putnam Retirement Plan* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 03/15/2017) |
| 03/15/2017 | 132 | MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Defendants' Employer Contributions* by John Brotherston, Joan Glancy.(Richter, Kai) (Entered: 03/15/2017) |
| 03/15/2017 | 133 | MEMORANDUM in Support re 132 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Defendants' Employer Contributions* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 03/15/2017) |
| 03/15/2017 | 134 | MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Martin A. Schmidt* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 03/15/2017) |
| 03/15/2017 | 135 | MEMORANDUM in Support re 134 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Martin A. Schmidt* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Appendix A, # 2 Appendix B)(Carroll, James) (Entered: 03/15/2017) |
| 03/15/2017 | 136 | DECLARATION re 134 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Martin A. Schmidt* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1)(Hines, Michael) (Entered: 03/15/2017) |
| 03/15/2017 | 137 | MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Dr. Steve Pomerantz* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 03/15/2017) |
| 03/15/2017 | 138 | MEMORANDUM in Support re 137 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Dr. Steve Pomerantz* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor |

| | | |
|---|---|---|
| | | Services, Inc., Robert Reynolds. (Attachments: # 1 Appendix A, # 2 Appendix B (Part 1 of 2), # 3 Appendix B (Part 2 of 2), # 4 Appendix C)(Carroll, James) (Entered: 03/15/2017) |
| 03/15/2017 | 139 | DECLARATION re 137 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Dr. Steve Pomerantz* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Colby, Eben) (Entered: 03/15/2017) |
| 03/21/2017 | 140 | Assented to MOTION for Leave to Appear Pro Hac Vice for admission of Jacob T. Schutz Filing fee: $ 100, receipt number 0101-6542786 by John Brotherston, Joan Glancy. (Attachments: # 1 Affidavit Certification In Support of Motion)(Leviton, Jason) (Entered: 03/21/2017) |
| 03/21/2017 | 141 | Judge William G. Young: ELECTRONIC ORDER entered granting 140 Motion for Leave to Appear Pro Hac Vice Added Jacob T. Schutz. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: 03/21/2017) |
| 03/23/2017 | 142 | MOTION for Leave to File *Notice Of Supplemental Authority In Further Support Of Defendants' Motion For Summary Judgment On Counts II And III (Unopposed)* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit A)(Carroll, James) (Entered: 03/23/2017) |
| 03/24/2017 | 143 | Judge William G. Young: ELECTRONIC ORDER entered granting 142 MOTION for Leave to File Notice Of Supplemental Authority ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Paine, Matthew) (Entered: 03/24/2017) |
| 03/24/2017 | 144 | Notice of Supplemental Authorities re 89 MOTION for Summary Judgment *On Counts II And III* (Attachments: # 1 Exhibit 1)(Carroll, James) (Entered: 03/24/2017) |

| | | |
|---|---|---|
| 03/24/2017 | 145 | PRETRIAL MEMORANDUM by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1 - Joint Stipulated Facts, # 2 Exhibit 2 - Contested Facts Identified by Plaintiffs, # 3 Exhibit 3 - Contested Facts Identified by Defendants, # 4 Exhibit 4 - Plaintiffs' Statement of Legal Issues, # 5 Exhibit 5 - Defendants' Statement of Legal Issues, # 6 Exhibit 6 - Plaintiffs' Witness List, # 7 Exhibit 7 - Defendants' Witness List, # 8 Exhibit 8 - Joint Agreed Upon Exhibits, # 9 Exhibit 9 - Joint Contested Exhibits)(Richter, Kai) (Entered: 03/24/2017) |
| 03/26/2017 | 146 | MEMORANDUM in Opposition re 134 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Martin A. Schmidt* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 03/26/2017) |
| 03/26/2017 | 147 | MEMORANDUM in Opposition re 137 MOTION in Limine *To Exclude In Part The Expert Report And Testimony Of Dr. Steve Pomerantz* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 03/26/2017) |
| 03/27/2017 | 148 | Notice of Supplemental Authorities re 142 MOTION for Leave to File *Notice Of Supplemental Authority In Further Support Of Defendants' Motion For Summary Judgment On Counts II And III (Unopposed) (Plaintiffs' Response)* (Richter, Kai) (Entered: 03/27/2017) |
| 03/27/2017 | 149 | Objection by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds *(Defendants' Evidentiary Objections)*. (Carroll, James) (Entered: 03/27/2017) |
| 03/27/2017 | 150 | Objection by John Brotherston, Joan Glancy *Plaintiffs' Evidentiary Objections*. (Schutz, Jacob) (Entered: 03/27/2017) |
| 03/27/2017 | 151 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Final Pretrial Conference held on 3/27/2017 (lobby). The Court inquires as to settlement. Jury waived trial to commence on Friday, April 7, 2017 at 9:00 AM. The trial is expected to last 11 days. If the trial scheduled for Monday, April 10th were to settle, this matter will continue on Monday, April 10th. The Court reviews trial procedures of this session re time limits, exhibits, etc. Counsel are instructed to file their requests for findings and rulings. If the case were to settle, counsel are instructed to notify the clerk. (Bench Trial Day One set for 4/7/2017 09:00 AM in Courtroom 18 before Judge William G. Young.) (Court Reporter: None.) (Gaudet, Jennifer) (Entered: 03/28/2017) |

| | | |
|---|---|---|
| 03/28/2017 | 152 | ELECTRONIC NOTICE of Hearing. The jury trial scheduled to commence on Monday, April 10th has reported the case settled. Bench Trial Two set for 4/10/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Three set for 4/11/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Four set for 4/12/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Five set for 4/13/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Six set for 4/14/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Seven set for 4/18/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Eight set for 4/19/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Nine set for 4/20/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Ten set for 4/21/2017 09:00 AM in Courtroom 18 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 03/28/2017) |
| 03/29/2017 | 153 | MEMORANDUM in Opposition re 128 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Absent Class Members' Releases* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 03/29/2017) |
| 03/29/2017 | 154 | MEMORANDUM in Opposition re 130 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Plaintiffs' Investments Outside the Putnam Retirement Plan* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 03/29/2017) |
| 03/29/2017 | 155 | MEMORANDUM in Opposition re 132 MOTION in Limine *to Exclude Evidence, Testimony, and Argument Relating to Defendants' Employer Contributions* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 03/29/2017) |
| 03/29/2017 | 156 | DECLARATION re 153 Memorandum in Opposition to Motion, 155 Memorandum in Opposition to Motion, 154 Memorandum in Opposition to Motion, by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, |

| | | |
|---|---|---|
| | | # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34)(Hines, Michael) (Entered: 03/29/2017) |
| 03/30/2017 | 157 | ELECTRONIC NOTICE issued requesting courtesy copy for 155 Memorandum in Opposition to Motion, 153 Memorandum in Opposition to Motion, 154 Memorandum in Opposition to Motion, 156 Declaration. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office attention Matthew Paine Docket Clerk Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 03/30/2017) |
| 03/30/2017 | 158 | Judge William G. Young: FINDINGS OF FACT, RULINGS OF LAW, AND ORDER FOR JUDGMENT "For the foregoing reasons, the Court finds and rules that the Plaintiffs prohibited transactions claims under Section 1106 fail. Judgment will enter for the Defendants on counts II and III.SO ORDERED." (Sonnenberg, Elizabeth) (Entered: 03/30/2017) |
| 03/31/2017 | 159 | TRIAL BRIEF by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Appendix A)(Carroll, James) (Entered: 03/31/2017) |
| 04/03/2017 | 160 | MOTION for Leave to Appear Pro Hac Vice for admission of Raoul D. Kennedy Filing fee: $ 100, receipt number 0101-6564776 by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit A (Certification Of Raoul D. Kennedy))(Carroll, James) (Entered: 04/03/2017) |
| 04/04/2017 | 161 | Judge William G. Young: ELECTRONIC ORDER entered granting 160 Motion for Leave to Appear Pro Hac Vice Added Raoul D. Kennedy. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (Paine, Matthew) (Entered: |

| | | |
|---|---|---|
| | | 04/04/2017) |
| 04/05/2017 | 162 | Set/Reset Hearings: Bench Trial Day One set for 4/7/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Two set for 4/11/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Three set for 4/12/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Four set for 4/13/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Five set for 4/14/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Six set for 4/18/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Seven set for 4/19/2017 09:00 AM in Courtroom 18 before Judge William G. Young. Bench Trial Day Eight set for 4/20/2017 09:00 AM in Courtroom 18 before Judge William G. Young. (Gaudet, Jennifer) (Entered: 04/05/2017) |
| 04/05/2017 | 163 | MOTION For Ruling Regarding Findings In 158 March 30, 2017 Order by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds.(Carroll, James) (Entered: 04/05/2017) |
| 04/06/2017 | 164 | TRIAL BRIEF by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 04/06/2017) |
| 04/07/2017 | 165 | Judge William G. Young: ELECTRONIC ORDER entered re 163 MOTION For Ruling Regarding Findings In Re 158 March 30, 2017 Order.<br><br>Motion denied. The Court's findings on Counts II and III were based on the case stated record. These findings do not control the trial of the remaining issues.<br><br>(Paine, Matthew) (Entered: 04/07/2017) |
| 04/07/2017 | 193 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day One held on 4/7/2017. Opening statements made. Plaintiffs' evidence commences: P-1, Mark Goodfellow. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/11/2017 | 166 | NOTICE by John Brotherston, Joan Glancy *Regarding Joint Exhibit Lists* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Richter, Kai) (Entered: 04/11/2017) |

| | | |
|---|---|---|
| 04/11/2017 | 194 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Two held on 4/11/2017. P-2, Donald Mullen (sworn). (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/12/2017 | 195 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Three held on 4/12/2017. P-2, Donald Mullen resumes the stand; P-1, Mark Goodfellow resumes the stand. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/13/2017 | 196 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Four held on 4/13/2017. P-1, Mark Goodfellow resumes the stand. P-3, Edward Whalen (sworn). (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/14/2017 | 197 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Five held on 4/14/2017. Witness taken out of order. D-1, Brian Lenhardt (sworn); P-3, Edward Whalen resumes the stand. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/18/2017 | 198 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Six held on 4/18/2017. P-4, John Brotherston (sworn); P-5, Joan Glancy (sworn); P-6, Martin Schmidt (sworn). (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/19/2017 | 167 | MOTION for Judgment on Partial Findings *As To All Of Plaintiffs' Remaining Claims Pursuant To Fed. R. Civ. P. 52(c)* by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert |

| | | |
|---|---|---|
| | | Reynolds.(Carroll, James) (Entered: 04/19/2017) |
| 04/19/2017 | 168 | MEMORANDUM in Support re 167 MOTION for Judgment on Partial Findings *As To All Of Plaintiffs' Remaining Claims Pursuant To Fed. R. Civ. P. 52(c)* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 04/19/2017) |
| 04/19/2017 | 169 | MOTION for Leave to File *a Supplemental Brief Regarding the Applicable Standard of Care* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1)(Richter, Kai) (Entered: 04/19/2017) |
| 04/19/2017 | 199 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Seven held on 4/19/2017. P-6, Martin Schmidt resumes the stand; P-7, Steve Pomerantz (sworn). (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |
| 04/20/2017 | 170 | Judge William G. Young: ELECTRONIC ORDER entered granting 169 MOTION for Leave to File a Supplemental Brief Regarding the Applicable Standard of Care ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Paine, Matthew) (Entered: 04/20/2017) |
| 04/20/2017 | 171 | TRIAL BRIEF *(Supplemental) Regarding Standard of Review* by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 04/20/2017) |
| 04/20/2017 | 200 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 4/20/2017 re 167 MOTION for Judgment on Partial Findings *As To All Of Plaintiffs' Remaining Claims Pursuant To Fed. R. Civ. P. 52(c)* filed by Putnam Benefits Investment Committee, Putnam Investment Management LLC, Putnam Benefits Oversight Committee, Robert Reynolds, Putnam Investments, LLC, Putnam Investor Services, Inc. After hearing from counsel, the Court takes the matter under advisement. Post hearing briefs are welcomed. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kaster, Lukas Richter and Engstrom for the plaintiffs, Carroll, Colby, Hines and Kennedy for the defendants) (Gaudet, Jennifer) (Entered: 05/05/2017) |

| | | |
|---|---|---|
| 04/21/2017 | 172 | Transcript of Bench Trial Day One (Volume One) held on April 7, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 173 | Transcript of Bench Trial Day One (Volume Two) held on April 7, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kelly Mortellite at mortellite@gmail.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 174 | Transcript of Bench Trial Day Two (Volume One) held on April 11, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 175 | Transcript of Bench Trial Day Two (Volume Two) held on April 11, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 176 | Transcript of Bench Trial Day Three (Volume One) held on April 12, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |

| | | |
|---|---|---|
| 04/21/2017 | 177 | Transcript of Bench Trial Day Three (Volume Two) held on April 12, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 178 | Transcript of Bench Trial Day Four (Volume One) held on April 13, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 179 | Transcript of Bench Trial Day Four (Volume Two) held on April 13, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 180 | Transcript of Bench Trial Day Five (Volume One) held on April 14, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 181 | Transcript of Bench Trial Day Five (Volume Two) held on April 14, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |

| | | |
|---|---|---|
| 04/21/2017 | 182 | Transcript of Bench Trial Day Six (Volume One) held on April 18, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 183 | Transcript of Bench Trial Day Six (Volume Two) held on April 18, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 184 | Transcript of Bench Trial Day Seven (Volume One) held on April 19, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 185 | Transcript of Bench Trial Day Seven (Volume Two) held on April 19, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Cheryl Palanchian at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |
| 04/21/2017 | 186 | Transcript of Motion Hearing held on April 20, 2017, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com Redaction Request due 5/12/2017. Redacted Transcript Deadline set for 5/22/2017. Release of Transcript Restriction set for 7/20/2017. (Scalfani, Deborah) (Entered: 04/21/2017) |

| | | |
|---|---|---|
| 04/26/2017 | 187 | MOTION for Leave to File *Response Memorandum in Excess of Twenty Pages* by John Brotherston, Joan Glancy. (Attachments: # 1 Exhibit 1)(Richter, Kai) (Entered: 04/26/2017) |
| 04/27/2017 | 188 | Judge William G. Young: ELECTRONIC ORDER entered denying 187 MOTION for Leave to File Opposition Memorandum in Excess of Twenty Pages. (Paine, Matthew) (Entered: 04/27/2017) |
| 04/28/2017 | 189 | Opposition re 167 MOTION for Judgment on Partial Findings *As To All Of Plaintiffs' Remaining Claims Pursuant To Fed. R. Civ. P. 52(c)* filed by John Brotherston, Joan Glancy. (Richter, Kai) (Entered: 04/28/2017) |
| 05/02/2017 | 190 | Supplemental MEMORANDUM in Support re 167 MOTION for Judgment on Partial Findings *As To All Of Plaintiffs' Remaining Claims Pursuant To Fed. R. Civ. P. 52(c)* filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Attachments: # 1 Exhibit A)(Carroll, James) (Entered: 05/02/2017) |
| 05/02/2017 | 191 | MOTION to Strike 190 Memorandum in Support of Motion, by John Brotherston, Joan Glancy.(Schutz, Jacob) (Entered: 05/02/2017) |
| 05/03/2017 | 192 | Opposition re 191 MOTION to Strike 190 Memorandum in Support of Motion, filed by Putnam Benefits Investment Committee, Putnam Benefits Oversight Committee, Putnam Investment Management LLC, Putnam Investments, LLC, Putnam Investor Services, Inc., Robert Reynolds. (Carroll, James) (Entered: 05/03/2017) |
| 05/05/2017 | 201 | Judge William G. Young: ELECTRONIC ORDER entered denying 191 Motion to Strike (Paine, Matthew) (Entered: 05/05/2017) |
| 06/19/2017 | 202 | Judge William G. Young: ORDER entered. FINDINGS OF FACT AND CONCLUSIONS OF LAW "For the foregoing reasons, the Court enters judgment for the Defendants on all remaining counts.SO ORDERED."(Sonnenberg, Elizabeth) (Entered: 06/19/2017) |
| 06/19/2017 | 203 | Judge William G. Young: ORDER entered. JUDGMENT (Paine, Matthew) (Entered: 06/19/2017) |
| 07/17/2017 | 204 | NOTICE OF APPEAL as to 203 Judgment by John Brotherston, Joan Glancy Filing fee: $ 505, receipt number 0101-6713882 Fee Status: Not Exempt. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov |

| | | |
|---|---|---|
| | | MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 8/7/2017. (Richter, Kai) (Entered: 07/17/2017)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN BROTHERSTON and JOAN GLANCY, individually and as representatives of a class of similarly situated persons, and on behalf of the Putnam Retirement Plan,

Plaintiffs,

v.

PUTNAM INVESTMENTS, LLC, PUTNAM INVESTMENT MANAGEMENT, LLC, PUNTNAM INVESTOR SERVICES, INC., the PUTNAM BENEFITS INVESTMENT COMMITTEE, the PUTNAM BENEFITS OVERSIGHT COMMITTEE, and ROBERT REYNOLDS,

Defendants.

CIVIL ACTION
NO. 15-13825-WGY

YOUNG, D.J. June 19, 2017

**FINDINGS OF FACT, RULINGS OF LAW, & ORDER**

## I. INTRODUCTION

On November 13, 2015, John Brotherston ("Brotherston") and Joan Glancy ("Glancy"), individually and on behalf of a class of similarly situated persons and the Putnam Retirement Plan ("Plan") (collectively, the "Plaintiffs"), brought this class action under section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified as amended at 29 U.S.C. §§ 1001–1461, against the Plan's fiduciaries: Putnam

Investments, LLC, Putnam Investment Management, LLC, Putnam Investor Services, Inc., the Putnam Benefits Investment Committee, the Putnam Benefits Oversight Committee, and Putnam's Chief Executive Officer Robert Reynolds (collectively, the "Defendants"), for breach of the fiduciary duties of loyalty and prudence in violation of 29 U.S.C. § 1104(a)(1)(A)–(B) (count I), prohibited transactions with a party in interest in violation of 29 U.S.C. § 1106(a)(1) (count II), prohibited transactions with a fiduciary in violation of 29 U.S.C. § 1106(b) (count III), failure to monitor in violation of 29 U.S.C. § 1109(a) (count IV), and other equitable relief based on ill-gotten proceeds under 29 U.S.C. § 1132(a)(3) (count V). Second Am. Compl. ("SAC") ¶¶ 117-48, ECF No. 73.

Following a case stated hearing[1] on March 30, 2017, this Court entered judgment for the Defendants on counts II and III. Order, ECF No. 158. A bench trial on the remaining counts commenced before this Court on April 7, 2017. Upon the conclusion of the Plaintiffs' final witness, the Defendants moved for judgment on partial findings pursuant to Rule 52(c) of

[1] The case stated procedure allows the Court to render a judgment based on a largely undisputed record in cases where there are minimal factual disputes. In its review of the record, "[t]he [C]ourt is . . . entitled to 'engage in a certain amount of factfinding, including the drawing of inferences.'" TLT Constr. Corp. v. RI, Inc., 484 F.3d 130, 135 n.6 (1st Cir. 2007) (quoting United Paperworkers Int'l Union Local 14 v. International Paper Co., 64 F.3d 28, 31 (1st Cir. 1995)).

the Federal Rules of Civil Procedure. Defs.' Mot. J. Partial Findings Fed. R. Civ. P. 52(c), ECF No. 167. The parties briefed the issues. Pls.' Mem. Opp'n Defs.' Mot. J. Partial Findings Fed. R. Civ. P. 52(c) ("Pls.' Opp'n"), ECF No. 189; Mem. Supp. Defs.' Mot. J. Partial Findings Fed. R. Civ. P. 52(c) ("Defs.' Mem."), ECF No. 168; Defs.' Suppl. Br. Supp. Mot. J. Partial Findings Fed. R. Civ. P. 52(c) ("Defs.' Suppl. Br."), ECF No. 190. Having heard oral argument on the Defendants' motion, this Court now makes the following findings of fact and rulings of law.

## II. THE LEGAL FRAMEWORK

### A. Judgment on Partial Findings

A Rule 52(c) motion for judgment on partial findings is the analogue of a Rule 50(c) motion for directed verdict in a jury trial.[2] See Federal Ins. Co. v. HPSC, Inc., 480 F.3d 26, 32 (1st Cir. 2007); Northeast Drilling, Inc. v. Inner Space Servs., Inc., 243 F.3d 25, 37 (1st Cir. 2001) (characterizing

[2] Federal Rule of Civil Procedure 52(c) provides in relevant part:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue . . . . A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).

defendant's motion for judgment after plaintiff rested at bench trial as a motion for judgment on partial findings, rather than as a motion for judgment as a matter of law under Rule 50(c)). A court should enter a judgment under Rule 52(c) only "[w]hen a party has finished presenting evidence and that evidence is deemed . . . insufficient to sustain the party's position." Morales Feliciano v. Rullan, 378 F.3d 42, 59 (1st Cir. 2004); see also Halpin v. Atkinson-Kiewit, J.V., 894 F. Supp. 486, 494 (D. Mass. 1995) (Collings, M.J.) ("Rule 52(c) plainly permits the court to decline to render any judgment until the close of all the evidence.").

This rule promotes efficiency. If a party bearing the burden of proof fails to persuade the court once it has been fully heard on a crucial issue, the court need not forge ahead to finish the case, but may make its findings on that issue against the party and thus dispose of the case. While this makes eminent sense, it places the court in the somewhat awkward position of making factual findings absent a complete evidentiary record developed by the contending parties.

**B. The Substantive Legal Framework**

This is an equitable action to charge a group of trustees. Like its closest analogue -- an action at law to recover for a statutory tort -- it requires proof of three matters, viz.: 1) a

violation of a statutory duty, 2) loss causation, and 3) damages.[3] The Court considers these issues in turn.

---

[3] This parallelism and the extraordinary money damages sought by the Plaintiffs' counsel on behalf of the class leads one to wonder why they did not demand a jury in this case where they assert a plan-wide ERISA fiduciary breach claim for money damages. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002). After all, this is precisely what the defense bar fears. See, e.g., James P. Baker, The Jury Trial, the Magna Carta, and ERISA, 22 Benefits L.J. 1, 6 (2009).

As will be seen, however, this action to charge the trustees historically sounds in equity and has significant differences from the usual statutory tort claim. The most thorough scholarship confirms that no constitutional right to a jury trial attaches under the Seventh Amendment. See Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA, 96 Harv. L. Rev. 737, 750-56 (1983); see also Denise Drake Clemow & Lisa Hund Lattan, ERISA Section 510 Claims: No Right to a Jury Trial Can be Found, 73 Neb. L. Rev. 756, 774-78 (1994); David M. Cook & Karen M. Wahle, Procedural Aspects of Litigating ERISA Claims 53-56 (2000).

It need not be this way, of course. Congress could certainly extend the citizens' rights to the adjudication of this action. Indeed, while Congress may not -- though it frequently does -- constrict the reach of the Seventh Amendment, it possesses the undoubted power to extend adjudication by the American jury beyond that Amendment's historical reach.

An instructive example is found in legislative proposals seeking to restore to litigants the right to have access to the federal courts and, whenever appropriate, to adjudication by jury in Securities Exchange Commission proceedings. Both the Due Process Restoration Act, H.R. 3798, 114th Cong. (2015), and the Financial CHOICE Act, H.R. 10, 115th Cong. (2017), seek to provide a mandatory right of removal to federal court to certain respondents in administrative proceedings. See Joseph A. Grundfest, Fair or Foul? SEC Administrative Proceedings and Prospects for Reform Through Removal Legislation, 85 Fordham L. Rev. 1143, 1149-50 (2016); see also Securities Exch. Comm'n. v. EagleEye Asset Mgmt., 975 F. Supp. 2d 151, 155 (D. Mass. 2013). While an excellent argument can be made in the SEC context that the Seventh Amendment guarantees such access whenever fines and monetary damages (i.e., legal remedies) are sought to be exacted, see Suja A. Thomas, The Missing American Jury:

**1. Statutory Duties Under ERISA**

**a. Duty of Loyalty**

Under ERISA, retirement plan trustees are fiduciaries who owe a duty of loyalty to plan participants. 29 U.S.C. § 1104(a)(1)(A); Bunch v. W.R. Grace & Co. (Bunch I), 532 F. Supp. 2d 283, 288 (D. Mass. 2008) ("ERISA fiduciaries owe participants duties of prudence and loyalty." (citing Moench v. Robertson, 62 F.3d 553, 561 (3d Cir. 1995)), aff'd, 555 F.3d 1 (1st Cir. 2009). The duty of loyalty requires fiduciaries to administer the plan "solely in the interest of the [plan] participants and beneficiaries" and "for the exclusive purpose" of providing them with benefits. Bunch I, 532 F. Supp. 2d at 291-92; see also Pegram v. Herdrich, 530 U.S. 211, 224 (2000); Vander Luitgaren v. Sun Life Assurance Co. of Can., 765 F.3d 59, 65 (1st Cir. 2014); Glass Dimensions, Inc. ex rel. Glass

---

Restoring the Fundamental Constitutional Role of the Criminal, Civil, and Grand Juries 169-72 (2016), the point here is that the Congress can at will extend this aspect of direct popular democracy. Indeed, that the SEC would be reticent to submit itself to the judgment of the very people on whose behalf it purports to be regulating is especially disquieting. See generally Gretchen Morgenson, In S.E.C.'s Streamlined Court, Penalty Exerts a Lasting Grip, NY Times (May 4, 2017), https://www.nytimes.com/2017/05/04/business/sec-internal-court.html?_r=0. But see Stephen Hall, The Shameless Wall Street Double Standard, Law360 (June 12, 2017), https://www.law360.com/articles/930747 ("[T]here is a double standard at work when industry clamors for access to the federal courts while denying that very same right to their customers and relegating them to arbitration.").

Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co., 931 F. Supp. 2d 296, 304–05 (D. Mass. 2013) (Tauro, J.); Alves v. Harvard Pilgrim Health Care, Inc., 204 F. Supp. 2d 198, 214 (D. Mass. 2002) (Saris, J.), aff'd, 316 F.3d 290 (1st Cir. 2003).

It is well-established that under ERISA, "a fiduciary does not breach its duty of loyalty solely by conducting other activities that relate to or impact the Plan." Bunch I, 532 F. Supp. 2d at 291 (citing Hughes Aircraft Co. v. Stanley Jacobson, 525 U.S. 432, 443–46 (1999)). Accordingly, identifying a potential conflict of interest alone is not sufficient to establish a breach of the duty of loyalty. See Pegram, 530 U.S. at 225 (2000) ("Under ERISA, . . . a fiduciary may have financial interests adverse to beneficiaries."); DiFelice v. U.S. Airways, Inc., 497 F.3d 410, 421 (4th Cir. 2007). Nor is it sufficient merely to point to a defendant's self-dealing, such as the investment of plan assets in their own mutual funds. See Dupree v. Prudential Ins. Co. of Am., No. 99-8337, 2007 WL 2263892, at *45 (S.D. Fla. Aug. 10, 2007) ("Simply because [the plan sponsor] followed such a practice . . . does not give rise to an inference of disloyalty, especially where these practices are universal among plans of the financial services industry."). In fact, the Department of Labor explicitly allows, and courts have upheld, financial services institutions' practice of

offering their own investment products to their own sponsored plans. See, e.g., Hecker v. Deere & Co., 556 F.3d 575, 586 (7th Cir. 2009) (finding “no statute or regulation prohibiting a fiduciary from selecting funds from one management company”); Participant Directed Individual Account Plans, 56 Fed. Reg. 10,724, 10,730 (Mar. 13, 1991) (to be codified at 29 C.F.R. pt. 2550) (noting that it would be “contrary to normal business practice for a company whose business is financial management to seek financial management services from a competitor”).

In order to prevail on a claim for breach of the duty of loyalty, the Plaintiffs must show by a preponderance of the evidence that the Defendants, while wearing their ERISA fiduciary hats, failed to “‘discharge [their] duty with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries.’” Bunch I, 532 F. Supp. 2d at 291 (quoting 29 U.S.C. § 1104(a)(1)(A)). In making this inquiry, courts take into consideration “the totality of the circumstances.” See Bunch v. W.R. Grace & Co. (Bunch II), 555 F.3d 1, 7 (1st Cir. 2009) (citing DiFelice, 497 F.3d at 418; Keach v. U.S. Tr. Co., 419 F.3d 626, 636-37 (7th Cir. 2005)); Kenney v. State St. Corp., No. 09–10750–DJC, 2011 WL 4344452, at *3 (D. Mass. Sept. 15, 2011) (Casper, J.).

The "Exclusive Benefit Rule" of section 1104(a)(1)(A) is rooted in the trust law duty of loyalty. Peter J. Wiedenbeck, ERISA in the Courts 155 (2008). The trust law duty of loyalty, however, is governed by an objective test, Restatement (Second) of Trusts § 170, whereas courts have held that "the Exclusive Benefit Rule looks to the fiduciary's subjective motivation in determining whether the fiduciary is in compliance with the rule," A.F. v. Providence Health Plan, 173 F. Supp. 3d 1061, 1073 (D. Or. 2016) (citing Wiedenbeck, supra, at 156); see also Varity Corp. v. Howe, 516 U.S. 489, 506 (1996); Perez v. First Bankers Tr. Servs., Inc., 210 F. Supp. 3d 518, 534 (S.D.N.Y. 2016) ("[T]he duty of loyalty is grounded in the motivation driving a fiduciary's conduct, and liability will not lie where a fiduciary's decisions were motivated by what is best for the [plan], even if those decisions also incidentally benefit the fiduciary."); Degnan v. Publicker Indus., Inc., 42 F. Supp. 2d 113, 120 (D. Mass. 1999) (Garrity, J.).

The Plaintiffs' burden, therefore, is to point to the Defendants' motivation behind specific disloyal conduct. In re McKesson HBOC, Inc. ERISA Litig., 391 F. Supp. 2d 812, 834-35 (N.D. Cal. 2005) ("[T]he duty of loyalty requires fiduciaries to refrain from actual disloyal conduct, not simply running the risk that such behavior will occur."). Examples of disloyal conduct might include "mislead[ing] plan participants about the

operation of a plan," Adamczyk v. Lever Bros. Co., Div. of Conopco, 991 F. Supp. 931, 939 (N.D. Ill. 1997), or "receiv[ing] commissions from insurance companies," Patelco Credit Union v. Sahni, 262 F.3d 897, 911 (9th Cir. 2001).

**b. Duty of Prudence**

ERISA fiduciaries also owe participants a duty of prudence, according to which they must "act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. § 1104(a)(1)(B); see also Tibble v. Edison Int'l, 135 S. Ct. 1823, 1828 (2005) ("[A] trustee has a continuing duty to monitor trust investments and remove imprudent ones."); Bunch II, 555 F.3d at 7; Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 18 (1st Cir. 1998).

A prudent fiduciary need not, however, follow a uniform checklist. See Tatum v. RJR Pension Inv. Comm., 761 F.3d 346, 358 (4th Cir. 2014). Instead, a variety of actions can support a finding that a fiduciary acted with prudence. Id. In general, "ERISA requires fiduciaries to employ 'appropriate methods to investigate the merits of the investment and to structure the investment' as well as to 'engage[] in a reasoned decision[-]making process, consistent with that of a 'prudent man acting in [a] like capacity.'" Id. (quoting DiFelice, 497 F.3d at 420). "[T]he test of prudence . . . is one of conduct,

and not a test of the result of performance of the investment." Bunch II, 555 F.3d at 7; see also Donovan v. Cunningham, 716 F.2d 1455, 1467 (5th Cir. 1983). A breach of the duty of prudence, therefore, "cannot be measured in hindsight." DiFelice, 497 F.3d at 424; see also Roth v. Sawyer–Cleator Lumber Co., 16 F.3d 915, 917–18 (8th Cir. 1994) ("[T]he prudent person standard is . . . a test of how the fiduciary acted viewed from the perspective of the time of the [challenged] decision rather than from the vantage point of hindsight." (alteration in original) (quoting Katsaros v. Cody, 744 F.2d 270, 279 (2d Cir. 1984)) (internal quotation marks omitted)). Rather, the appropriate test is whether the fiduciary behaved like "a prudent investor [would have behaved] under similar circumstances," Hecker, 556 F.3d at 586, given "the totality of the circumstances involved in the particular transaction," Bunch I, 532 F. Supp. 2d at 288. The crucial question is whether the defendants "took into account all relevant information in performing [their] fiduciary duty under ERISA." Id. Importantly, ERISA does not require a fiduciary to maximize the value of investments or "follow a detailed step by step process

to analyze investment options." Id. at 287 (citing Roth, 16 F.3d at 917–18).[4]

### 2. Loss Causation

ERISA requires plaintiffs to prove losses to the plan for any breach of fiduciary duty claim. Evans v. Akers, 534 F.3d 65, 74 (1st Cir. 2008) ("ERISA § 409 . . . requires fiduciaries who breach their duties 'to make good to such plan the losses to the plan resulting from such breach.'" (citing 29 U.S.C. §§ 1109(a), 1132(a)(2))). Section 1109(a) provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Section 1132(a)(3) further allows the Court to award "other appropriate equitable relief" for ERISA violations. 29 U.S.C. § 1132(a)(3).

Courts have consistently ruled that plaintiffs bear the burden of persuasion to establish loss to the plan as a result

---

[4] Because the Plaintiffs have consistently framed the failure to monitor as a theory of breach of fiduciary duty, this Court treats the duty to monitor claim (count IV) as subsumed within count I. Indeed, courts have consistently held that failure to monitor claims are dependent upon breach of fiduciary duty claims. See, e.g., Krueger v. Ameriprise Fin., Inc., No. 11-cv-02781 (SRN/JSM), 2012 WL 5873825, at *18 (D. Minn. Nov. 20, 2012) ("[T]here can be no liability for failure to monitor without an underlying breach of fiduciary duty.").

of the breach. Circuits split, however, on whether this burden shifts upon a plaintiff's prima facie showing. The Fourth, Fifth, and Eighth Circuits, applying trust law principles, have held that the fiduciary bears the burden of disproving loss causation once a plaintiff shows breach of a fiduciary duty. Tatum, 761 F.3d at 363 (4th Cir. 2014); McDonald v. Provident Indem. Life Ins. Co., 60 F.3d 234, 237 (5th Cir. 1995); Martin v. Fellen, 965 F.2d 660, 671 (8th Cir. 1992). In contrast, the Second, Sixth, Ninth, Tenth, and Eleventh Circuits have all refused to adopt burden shifting in ERISA breach of fiduciary duty claims. Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A., No. 15-1227, 2017 WL 2415949, at *10 (10th Cir. June 5, 2017); Silverman v. Mutual Benefit Life Ins. Co., 138 F.3d 98, 104 (2d Cir. 1998); Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1099 (9th Cir. 2004); Kuper v. Iovenko, 66 F.3d 1447, 1459–60 (6th Cir. 1995), abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 134 S. Ct. 2459 (2014); Willett v. Blue Cross & Blue Shield of Ala., 953 F.2d 1335, 1343–44 (11th Cir. 1992). The First Circuit has not yet addressed this issue.

**3. Damages**

Because this is an equitable action to charge the trustees, the Plaintiffs need only to prove the aggregate loss to the Plan. See Cal. Ironworkers Field Pension Tr. v. Loomis Sayles &

Co., 259 F.3d 1036, 1047 (9th Cir. 2001) ("[A] fiduciary is liable for the total aggregate loss of all breaches of trust and may reduce liability for the net loss of multiple breaches only when such multiple breaches are so related that they do not constitute separate and distinct breaches." (citing Restatement (Third) of Trusts § 213)). Conceptually at least, with liability established, there would be no problem with requiring the Defendants to sort out damages to each class member, potentially off-setting any voluntary contributions or other payments the class member received from the Defendants. See In re Nexium (Esomeprazole) Antitrust Litig., 309 F.R.D. 107, 135 (D. Mass. 2015) ("[Had] liability been established, my idea was to shift to the Defendants the burden of going forward with evidence of lack of injury to particular class members, while leaving the [] Plaintiffs with the ultimate burden of persuasion as to the damages suffered by particular claimants."), aff'd, 842 F.3d 34 (1st Cir. 2016); see also Evans, 534 F.3d at 74 ("'[T]here is nothing in ERISA to suggest that a benefit must be a liquidated amount in order to be recoverable.'" (quoting Harzewski v. Guidant Corp., 489 F.3d 799, 807 (7th Cir. 2007))).

## III. FINDINGS OF FACT

### A. The Putnam Retirement Plan

Putnam Investments, LLC ("Putnam") is an asset management company located in Boston, Massachusetts, and the sponsor of the

Plan, a 401(k) profit-sharing retirement plan. Parties' Joint Pretrial Mem., Ex. 1, Stipulated Facts ¶¶ 1-2, ECF 145-1. The Plan covers eligible current and former employees of Putnam, its directly and indirectly wholly-owned domestic subsidiaries, and PanAgora Asset Management, Inc. ("PanAgora"). Id. ¶ 4. From November 13, 2009, to the present ("Relevant Period"), Putnam has managed the Plan through three committees: the Putnam Benefits Investment Committee ("PBIC"), which is responsible for selecting, monitoring, and removing the Plan's investments; the Putnam Benefits Administration Committee ("PBAC"), which is responsible for the administration of the Plan; and the Putnam Benefits Oversight Committee ("PBOC"), which oversees PBIC and PBAC. Id. ¶ 9. All three committees are fiduciaries of the Plan. Id.

The Plan's governing documents provide that the available investments under the Plan include, among other options, "any publicly offered, open-end mutual fund (other than tax-exempt funds) that are generally made available to employer-sponsored retirement plans and under written or managed by Putnam Investments or one of its affiliates." Id. ¶ 23.

From the beginning of the class period through January 31, 2016, all of the designated investment options available under

the Plan's investment menu were affiliated with Putnam.[5] Id. ¶ 28. With the exception of certain categories of funds, i.e., close-end mutual funds, hedge funds, and tax-exempt funds, all Putnam open-end mutual funds were added to the Plan lineup upon launch, as required by the Plan Document. 4/12/17 Trial Tr. 33:1-12;[6] Trial Ex. 1, Putnam Retirement Plan Document 19. Up until early 2016, non-affiliated investments were offered exclusively through the Plan's self-directed brokerage account option ("SDBA").[7] Stipulated Facts ¶ 28. Starting on February 1, 2016, the Plan's investment menu included six BNY Mellon collective investment trusts ("CITs"). Id. ¶ 30.

**B. Plan Monitoring**

PBIC, the Plan's named fiduciary, meets on a regular basis to monitor the Plan's investment options. 4/7/17 Trial Tr.

---

[5] Brotherston has been invested in thirty-five of the Plan's available investments throughout the Relevant Period. Stipulated Facts ¶¶ 16-17. Before leaving the Plan around March of 2010, Glancy was invested in approximately fourteen of the Plan's available investments. Id. ¶¶ 18-19.

[6] The trial transcript spans multiple docket entries labeled ECF Nos. 172 through 185. The transcript for each day is divided into multiple files. For the sake of simplicity, this Court cites to the daily, continuously paginated transcripts and omits references to specific ECF numbers.

[7] Since 2008, the Plan has offered participants the opportunity to invest in a self-directed brokerage account. Stipulated Facts ¶¶ 31-32. Approximately two percent of the Plan's assets were invested in the SDBA option during the class period. Id. ¶ 34.

67:3-21; Trial Ex. 10, PBIC Charter 1-2. The committee is composed of an evolving group of senior level employees from different Putnam groups, including equity, fixed income, risk or investment products, defined contribution, treasury/finance, human resources, and marketing communications. 4/11/17 Trial Tr. 25:3-15; Trial Ex. 546, PBIC Membership Demonstrative 2. In recruiting new members for the committee, the role was advertised as not "requir[ing] a lot of 'heavy lifting.'" Trial Ex. 549, Apr. 20, 2010 E-mail from Donald Mullen to Kelly Marshall. Each member of PBIC was considered an expert in their area, and was expected to share that expertise in the discharge of the committee's duty. 4/11/17 Trial Tr. 94:12-22.

For a period of time, PBIC reviewed reports compiled by the Advised Asset Group ("AAG Reports"), a subsidiary of Great-West. 4/7/17 Trial Tr. 101:15-102:20. The AAG Reports showed that a number of Putnam funds were given "fail" ratings. Trial Ex. 32, March 2010 AAG Report 5-6. After internal discussions, PBIC determined that the AAG Reports did not provide an accurate indication of fund performance. 4/11/17 Trial Tr. 139:16-140:5. Nevertheless, Putnam recommended the AAG Reports as a source of investment advice to Plan participants on their account statements. 4/18/17 Trial Tr. 16:11-18.

The Plan maintains a number of Qualified Default Investment Alternative ("QDIA") funds, also known as the Retirement Ready

Funds, which are default elections for participants who do not actively make fund selections from the Plan lineup. Trial Ex. 113, Sept. 17, 2013 PBIC Meeting Minutes 1. PBIC regularly reviews the QDIA funds for risk-adjusted returns, costs, asset allocation, and performance as compared to competitors. 4/13/17 Trial Tr. 78:25-79:4; see Trial Ex. 91, Aug. 14, 2012 PBIC Meeting Minutes 1. It is undisputed that PBIC followed a prudent process in reviewing and monitoring the QDIA funds. 4/18/17 Trial Tr. 119:18-23.

Around 2014, PBIC began exploring the idea of adding a "core lineup" of passive index funds into the Plan. Trial Ex. 135, Dec. 19, 2014 PBIC Meeting Minutes 2. These Designated Investment Alternatives ("DIA") would be presented to participants as the building blocks of a diversified portfolio. 4/13/17 Trial Tr. 13:11-17. Because Putnam did not offer these products, PBIC considered various low cost index ETFs available in the SDBA, funds managed by PanAgora, and other third party products. Trial Ex. 147, July 8, 2015 PBIC Meeting Minutes 2-3. After carefully considering the appropriate asset class lineup and the different fund options, incorporating input from Putnam's investment professionals, and reviewing various performance metrics, PBIC voted to offer six BNY Mellon CITs. Trial Ex. 462, Sept. 3, 2015 PBIC Meeting Minutes 5-7; Trial Ex. 291, Sept. 2015 Index Options Presentation.

In contrast to the review process applied to the QDIA and DIA funds, PBIC appeared to rely entirely on the expertise of the investment division to determine whether a fund was failing and needed to be shut down. 4/11/17 Trial Tr. 43:24-44:7, 44:23-25. As a result, PBIC did not seem to have independent standards or criteria for monitoring the Plan investments. Trial Ex. 31, May 26, 2010 PBIC Meeting Minutes 1 ("It is uncertain what would be enough for Putnam to remove one of its own funds from the Putnam Retirement Plan line up."); Trial Ex. 21, Aug. 28, 2009 PBIC Meeting Minutes 2 ("[T]arget date funds are sold as a group so it is not clear what to do if one fails."). In fact, PBIC never once removed a fund from the Plan lineup.[8] 4/11/17 Trial Tr. 44:8-15. Perhaps most importantly, there seems not to have been separate discussion within the investment division as to whether a particular fund was appropriate for the Plan.[9] 4/14/17 Trial Tr. 90:6-9, 101:11-17.

---

[8] A fund was removed from the Plan lineup only if merged or closed, a decision made entirely by professionals in the investment division. 4/14/17 Trial Tr. 72:15-73:6. With respect to one particular underperforming fund, the Putnam Voyager Fund, Putnam's investment professionals closely monitored the performance of the fund, made changes directed toward improving performance, and ultimately replaced the portfolio manager. Id. at 76:4-13.

[9] This arrangement contrasts with Putnam's recommendation to other plan sponsors. In its own published advisory material, Putnam strongly recommended that other plan sponsors adopt Investment Policy Statements ("IPS"), which document qualitative

## IV. RULINGS OF LAW

### A. Duty of Loyalty

The Plaintiffs argue that the Defendants violated the duty of loyalty by "stuffing the Plan's investment lineup with all of Putnam's publicly-offered mutual funds, as well as other Putnam affiliated investments, without regard to their expenses, track record, or other objective criteria." Pls.' Trial Br. 7, ECF 164; SAC ¶¶ 119-120. In response, the Defendants contend that they "did not exploit the Plan to serve [their own] interests, but rather, voluntarily took actions that cost [Putnam] considerable money and significantly dwarf[ed] any revenue received from the Plan."[10] Defs.' Mem. 5. In particular, the

---

and quantitative criteria for monitoring and removing funds from 401(k) plans. Trial Ex. 23, Putnam 401(k) Investment Policy Statement Checklist and Sample 6; Trial Ex. 15, Fiduciary Planning Guide 22-23 ("Having an IPS is a hallmark of an active, engaged fiduciary."). An earlier version of PBIC's Charter, the committee's governing document, listed "[a]pprove, review annually, and monitor compliance with 'Statements of Investment Policy'" under "Duties & Responsibilities." Trial Ex. 10, PBIC Charter 1. After discussion between various members of PBIC and the Legal Department, the committee concluded that a written IPS would be redundant, given the investment division's procedures for monitoring the performance of its funds. 4/7/17 Trial Tr. 85:8-11. The Legal Department also expressed concern about being able to follow an IPS. Trial Ex. 51, May 11, 2011 E-mail from Pamela Fleming to Donald Mullen. PBIC's Charter was amended to remove the language discussing an IPS in January 2012. Trial Ex. 72, PBIC Amended Charter 1.

[10] For instance, Putnam provided a number of additional services to Plan participants, including ongoing education about retirement planning and the various investment options available

Defendants point to discretionary contributions made to the Plan, totaling more than $40,000,000 during the class period, as well as a series of administrative expenses and services that the Defendants paid to the Plan and Plan participants.[11] Id.

Although these practices do not eliminate the Defendants' ability to breach the duty of loyalty, the Plaintiffs have failed to point to specific circumstances in which the Defendants have actually put their own interests ahead of the interests of Plan participants. The Plaintiffs' duty of loyalty claims are reduced almost exclusively to identifying instances of self-dealing. Pls.' Opp'n 4-6; Pls.' Trial Br. 7; SAC ¶¶ 119-120. As discussed above, however, pointing to self-dealing alone is insufficient for the Plaintiffs to meet their

in the Plan. See generally Trial Ex. 336, Preparing for the Unpredictable: The Benefits of Diversification (explaining importance of diversification in investment planning). Putnam also created the Lifetime Income Analysis Tool, which helps participants plan for retirement by modeling different retirement date scenarios. Trial Ex. 467, The Putnam Retirement Plan 4. Furthermore, Putnam hired Hewitt Associates, a human resource consulting firm, to redesign the Plan to encourage more participation, yielding an approximately ninety percent participation rate. 4/12/17 Trial Tr. 37:2-11. Putnam also paid all of the Plan's recordkeeping expenses. Stipulated Facts ¶ 37. This approach resulted in significant investment gains for Plan participants, including Brotherston and Glancy, who both kept their retirement savings in the Putnam 401(k) plan after leaving the company. 4/18/17 Trial Tr. 24:14-17, 67:8-14.

[11] With respect to the class representatives, Putnam made voluntary contributions of $854,000 to Glancy, 4/18/17 Trial Tr. 61:17-19, and $315,000 to Brotherston, id. at 26:20-22.

burden of persuasion to show by a preponderance of the evidence a breach of the fiduciary duty of loyalty, particularly where the practices are common within the industry. See Dupree, 2007 WL 2263892, at *45; In re McKesson HBOC, Inc. ERISA Litig., 391 F. Supp. 2d at 834-35. Evaluating the totality of the circumstances, the Court holds that the Defendants have not breached the duty of loyalty owed to the Plaintiffs' class.

**B. Duty of Prudence**

The Plaintiffs argue that the Defendants violated their fiduciary duty of prudence by failing to implement or follow a prudent objective process for investigating and monitoring the individual merits of each of the Plan's investments in terms of costs, redundancy, or performance. Pls.' Opp'n 8. In support, the Plaintiffs point to PBIC's failure to remove funds from the Plan that had repeatedly received "fail" designations in AAG Reports. Id. at 5, 9. The AAG Reports alone, however, are insufficient to carry the Plaintiff's burden of persuasion with respect to the claim of breach. See, e.g., 4/14/17 Trial Tr. 70:5-71:2 (testimony of Mr. Lenhardt that AAG reports are "superficial and incomplete"); 4/13/17 Trial Tr. 5:5-15 (testimony of Mr. Goodfellow that the "investment professionals on the committee . . . didn't think the [AAG Report] analytics were very useful and that the organization had better analytics"); 4/11/17 Trial Tr. 37:4-11 (testimony of Mr. Mullen

that "[a]s we looked into the AAG documents and we shared it with members of our investment professionals, we really determined that it was a flawed methodology").[12]

The Defendants counter that they fulfilled their fiduciary obligations by having Putnam's Investment Division, some senior members of which sat on PBIC, monitor the performance of Putnam's mutual funds, including those in which the Plan is invested. Defs.' Mem. 7. The record reflects the Investment Division's highly sophisticated, systematic review of all Putnam mutual funds. See, e.g., 4/14/17 Trial Tr. 20:15-21:5, 21:25-14, 23:9-24:1, 39:17-46:13. Such care for its mutual funds, however, is not sufficient to rebut the Plaintiff's claims of breach of fiduciary duty with respect to the Plan. Although Putnam is a defendant in the present lawsuit, it is in fact PBIC that is the named fiduciary of the Plan under ERISA. Trial Ex.

[12] The Plaintiffs also attempt to show the Defendants' lack of prudence by pointing out that "the majority of the Putnam-affiliated investments in the Plan were not included in any other large retirement plans, and the remainder (with one exception) were included in at most a handful of other plans out of more than 2,600 plans with $250 million in assets or more." Pl.'s Opp'n 4. Even if factually accurate, this argument is unavailing. The prudence of the Plan's investments is measured against what a prudent investor would do in Putnam's shoes. Tatum, 761 F.3d at 358 (ERISA requires fiduciaries to act prudently "consistent with that of a prudent man acting in [a] like capacity." (emphasis added) (internal quotation marks omitted)). It is irrelevant whether Putnam's competitors invested in Putnam's mutual funds.

10, PBIC Charter 1-2. Other divisions within Putnam did not specifically owe ERISA fiduciary duties to the Plan even if they were acting as fiduciaries for other groups (e.g., shareholders of mutual funds, of which the Plan was a member).[13]

Although there is no "uniform checklist" for procedural prudence, Tatum, 761 F.3d at 358, it must be the case that prudence requires more than blindly to defer to the decisions of someone else, no matter how qualified. Indeed, closely monitoring Putnam's mutual funds is not the same as closely monitoring the Plan's lineup. The fact that some of the incentives of Putnam's Investment Division aligned with those of the Plan participants is not sufficient to remedy the situation.[14] A direct contribution 401(k) retirement plan could well have specific interests and goals different from a given mutual fund (e.g., different levels of exposures to different

---

[13] The fiduciary duty of prudence under ERISA is only delegable if the named fiduciary explicitly names an investment manager to manage assets of a plan provided that the plan document so authorizes. 29 U.S.C. §§ 1102(c)(3), 1105(c)(3). Nothing in the record suggests, nor do the parties claim, that such explicit delegation ever took place here.

[14] Mr. Lenhardt's testimony, along with supporting internal documents, show that Putnam's compensation philosophy aims "to align the actions of our portfolio managers, our analysts, the investment team, with the long-term goals and benefit of shareholders." 4/14/17 Trial Tr. 82:3-8; Trial Ex. 558 (2016 Investment Division Performance Evaluation and Compensation Design). Mr. Mullen further testified that no portfolio manager ever complained about their fund being excluded from the Plan. 4/11/17 Trial Tr. 124:25-125:7.

types of risk, short versus long term strategy). ERISA fiduciaries ought take into consideration those differences in managing and monitoring Plan assets. The fact that certain members of the investment division served on PBIC and PBOC is not sufficient to dispel concerns about lack of independent monitoring. That those members wear two hats –- one of portfolio manager and another of ERISA fiduciary -- says nothing about which hat they were wearing when making decisions about the Plan’s investments.

Because the Defendants have not yet presented the entirety of their case, the Court refrains from making conclusive findings and rulings on whether the Defendants breached their duty of prudence. The Court notes, however, that on this record, it would be warranted in ruling that PBIC and PBOC failed to monitor the Plan investments independently. The seemingly informal delegation of that function to Putnam’s investment division does not seem sufficient to discharge PBIC of its demanding fiduciary duty. The Court makes these remarks tentatively, because it is perfectly conceivable that the Defendants would present compelling evidence that they were in fact in full compliance with their ERISA fiduciary duties. Nevertheless, on this equivocal record, the Court must move on to address the next issue.

### C. Prima Facie Case of Loss[15]

"[O]nce the ERISA plaintiff has proved a breach of fiduciary duty and a prima facie case of loss to the plan or ill-gotten profit to the fiduciary, the burden of persuasion shifts to the fiduciary to prove that the loss was not caused by, or his profit was not attributable to, the breach of duty." Martin, 965 F.2d at 671 (emphasis added). Where the evidence presented is insufficient to sustain either the plaintiff's claim of breach of fiduciary duty or a prima facie case of loss to the plan, the plaintiff's claim fails. Because the Court refrains from making any conclusive ruling about the alleged breach of fiduciary duty of prudence before the Defendants have had the opportunity to put forward all of their evidence, the question here becomes whether the Plaintiffs have made out a prima facie case of loss.

To hold the Defendants liable for damages based on the alleged breach of fiduciary duty, the Court must first determine that the breach resulted in losses to the Plan. See Plasterers' Local Union No. 96 Pension Plan v. Pepper, 663 F.3d 210, 217

[15] In light of the close split among the circuits, which were divided 4-3 at the time of this trial, as well as the procedural posture of this case, this Court adopts the burden shifting framework for loss causation only for the purposes of this analysis. Thus, if the Plaintiffs make a prima facie showing of loss, the burden falls on the fiduciaries to prove no loss was caused by such violation, and the case continues.

(4th Cir. 2011) ("W]hile certain conduct may be a breach of an ERISA fiduciary's duties under § 1104, that fiduciary can only be held liable upon a finding that the breach actually caused a loss to the plan."); Allison v. Bank One–Denver, 289 F.3d 1223, 1239 (10th Cir. 2002) ("The phrase 'resulting from' indicates that there must be a showing of 'some causal link between the alleged breach . . . and the loss plaintiff seeks to recover.'"). Specifically, an ERISA plaintiff must establish a causal link between the breach and the damages claimed. See Kuper, 66 F.3d at 1459 ("[A] fiduciary's failure to investigate an investment decision alone is not sufficient to show that the decision was not reasonable. Instead, . . . a plaintiff must show a causal link between the failure to investigate and the harm suffered by the plan."); Friend v. Sanwa Bank Cal., 35 F.3d 466, 469 (9th Cir. 1994) ("ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach."); Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 279 (2d Cir. 1992) ("The last element in this cause of action is proof of a causal connection between the fraud perpetrated and the loss complained of."); Willett, 953 F.2d at 1343 ("Section [1109(a)] of ERISA establishes than an action exists to recover losses that 'resulted' from the breach of fiduciary duty; thus the statute does require that the breach of the fiduciary duty be the

proximate cause of the losses claimed . . . ."); Brandt v. Grounds, 687 F.2d 895, 898 (7th Cir. 1982) ("[A] causal connection is required between the breach of the fiduciary duty and the losses incurred by the plan.").

The fundamental problem in this case is the broad sweep of the Plaintiffs' "procedural breach" theory. The Plaintiffs argue that the alleged lack of an "objective process" by PBIC to monitor the Plan investments makes the entire investment lineup of the Plan imprudent. Pls.' Opp'n 11, 13-14; Pls.' Trial Br. 21-23; see also Hearing Tr. 30:4-11, Apr. 20, 2017, ECF No. 186.[16] Although the Plaintiffs contend that they "are not required to prove that any individualized investment decision was imprudent because no individualized investment decisions were made," Pls.' Opp'n 11 (internal citations and quotation marks omitted), this argument lacks legal support. The Plaintiffs mistakenly rely first on Urakhchin v. Allianz Asset

---

[16] While they present no evidence that any of the Plan beneficiaries ever invested in the entire Putnam funds lineup -- the two named plaintiffs certainly did not -- the Plaintiffs posit that if one tracked the performance of the entire Putnam funds lineup over the class period, it did not outperform (and over certain periods underperformed) a hypothetically comparable index fund with far less in management fees. 4/19/17 Trial Tr. 122:12-19. Such data, while interesting, appears unsurprising to a multitude of mutual fund investors. See Landon Thomas Jr., Vanguard is Growing Faster than Everybody Else Combined, NY Times (Apr. 14, 2017), https://www.nytimes.com/2017/04/14/business/mutfund/vanguard-mutual-index-funds-growth.html?_r=0.

Management of America, L.P., No. SACV 15-1614-JLS (JCCx), 2016 WL 4507117, at *5 (C.D. Cal. Aug. 5, 2016), and Glass Dimensions, Inc. v. State Street Bank & Trust Co., 285 F.R.D. 169, 175 (D. Mass. 2012) (Tauro, J.). Pls.' Opp'n 11. These decisions, however, addressed only whether plaintiffs had standing to challenge the inclusion of certain funds in a plan, and have no bearing on the issue of a prima facie showing of loss caused by a breach of fiduciary duty.

The Plaintiffs then cite Dardaganis v. Grace Capital, 889 F.2d 1237, 1244 (2d Cir. 1989), and Liss v. Smith, 991 F. Supp. 278 (S.D.N.Y. 1998), in support of their theory that PBIC's alleged lack of an objective process to monitor the Plan investments is a "procedural breach" that renders the entire lineup imprudent. Hearing Tr. 25:1-20, Apr. 20, 2017, ECF 20; Pls.' Opp'n 14. These case are unpersuasive. First, although the court in Dardaganis upheld an averaging technique for calculating damages where it was impossible to determine individual stock purchase-level losses, 889 F.2d at 1243-44 ("Where . . . the breach arises from a pattern of investment rather than from investment in a particular stock, courts will rarely be able to determine, with any degree of certainty, which stock the investment manager would have sold or declined to buy had he complied with investment guidelines."), this Court finds no such difficulties here.

Liss, on the other hand, provides better support for the Plaintiffs' position. See Liss, 991 F. Supp. at 295 (finding expert report sufficient to state a prima facie case of loss where "the allegations of fiduciary breaches relate to the overall investment strategy of the Funds (or the lack thereof) as opposed to the wisdom of a single transaction or investment").[17] This Court, however, respectfully disagrees with its sister court's analysis in Liss. Indeed, the weight of precedent supports the position that the Plaintiffs must point to a specific imprudent investment decision or decisions to make a showing of loss due to a breach of fiduciary duty. See Bunch II, 555 F.3d at 7 ("'[The prudence test] [is] how the fiduciary acted viewed from the perspective of the time of the challenged decision rather than from the vantage point of hindsight.'" (emphasis added) (quoting Roth, 16 F.3d at 917–18)); see also Plasterers' Local Union No. 96 Pension Plan, 663 F.3d at 218–19

---

[17] The Defendants argue that Liss, which relies on Dardaganis, is not relevant to the present dispute because it was decided at the summary judgment stage, not in the midst of a bench trial. Defs.' Suppl. Br. 6-7. That distinction, however, does not reduce the potential relevance of Liss to this case. The Defendants also attempt to distinguish Liss based on the fact that it involved allegations of "gross mismanagement" by fiduciaries, including allegations of kickback payments. Defs.' Suppl. Br. 6. While the present case does not involve similarly serious allegations, it is not clear that the Liss court relied on the severity of the allegations' cause to consider defendant's overall investment strategy instead of specific investments.

("It was incumbent on the district court to determine whether the [defendants'] failure to investigate caused them to make imprudent investments, such that there was a loss to the Plan for purposes of liability for those losses under § 1109(a)."); Bussian v. RJR Nabisco Inc., 223 F.3d 286, 300 (5th Cir. 2000) ("ERISA's obligations are nonetheless satisfied if the [investment] selected would have been chosen had the fiduciary conducted a proper investigation."); In re Unisys Sav. Plan Litig., 173 F.3d 145, 154 (3d Cir. 1999) ("[W]e are satisfied that the District Court's holdings that [the fiduciary] was prudent, and in the alternative, that a hypothetical prudent fiduciary would have made the same investments, are supported by the evidence."); Martin, 965 F.2d at 672 ("[T]he district court must determine the specific damages that resulted from each of the transactions in which ERISA fiduciary duties were breached."); Fink v. National Sav. & Tr. Co., 772 F.2d 951, 962 (D.C. Cir. 1985) ("It is the imprudent investment rather than the failure to investigate and evaluate that is the basis of suit; breach of the latter duty is merely evidence bearing upon breach of the former[.]"); Tussey v. ABB, Inc., No. 2:06-CV-04305-NKL, 2012 WL 1113291, at *3 (W.D. Mo. Mar. 31, 2012) ("[T]he Court rejects Plaintiffs' global damages theory which is based on the assumption that ABB's breaches infected all of its

investment decisions for the Plans . . . ."), aff'd in part, vacated in part, rev'd in part, 746 F.3d 327 (8th Cir. 2014).

This approach is also consistent with a plain reading of the statute, which ties the imposition of monetary penalties to actual losses to a plan resulting from a breach of fiduciary duty. See 29 U.S.C. § 1109(a); see also Evans, 534 F.3d at 73 ("ERISA does not authorize suits for what the Seventh Circuit calls 'extracontractual damages' -- i.e., damages separate from the benefits to which the plan documents entitle the participants -- such as emotional distress resulting from a plan's failure to honor it [sic] obligations[.]"); Brock v. Robbins, 830 F.2d 640, 647 (7th Cir. 1987) ("If trustees act imprudently, but not dishonestly, they should not have to pay a monetary penalty for their imprudent judgment so long as it does not result in a loss to the Fund."). The Plaintiffs' theory that the procedural breach tainted all of the Defendants' investment decisions for the Plan constitutes an unwarranted expansion of ERISA's seemingly narrow focus on actual losses to a plan resulting from specific incidents of fiduciary breach.

Furthermore, the Plaintiffs' argument that PBIC's alleged lack of an "objective process" to monitor the Plan investments makes the entire Plan lineup imprudent is a non sequitur. Indeed, a person could lack an independent process to monitor his investment and still end up with prudent investments, even

if it was the result of sheer luck. See Roth, 16 F.3d at 919 ("Even if a trustee failed to conduct an investigation before making a decision, he is insulated from liability [under § 1109(a)] if a hypothetical prudent fiduciary would have made the same decision anyway."). In the present case, however, luck seems to have little to do with the Plan lineup. It is clear from the record before the Court that Putnam employs sophisticated techniques to monitor its mutual funds. Even if these practices are not sufficient to meet the ERISA fiduciary duties to the Plan, they are certainly sufficient to dispel the unsupported allegation that the entire Plan investment lineup was per se imprudent.[18]

For the same reasons, the Plaintiffs' claim for $37.3 million in ill-gotten proceeds, 4/19/17 Trial Tr. 97:22-98:3, is legally insufficient. Although section 1109(a) requires an ERISA fiduciary "to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary," 29 U.S.C. § 1109(a), the Plaintiffs' argument that the burden of proof shifts to the Defendants to show that

[18] The Plaintiffs also rely on the analysis of their expert, Dr. Pomerantz, to quantify the losses the Plan would have suffered as a consequence of the alleged breach of fiduciary duty by the Defendants. Pls.' Opp'n 13-15. Courts may generally rely on the help of expert analysis to show damages from fiduciary breach. Evans, 534 F.3d at 74. Dr. Pomerantz's analysis, however, relies on this Court accepting the Plaintiffs' "procedural breach" theory.

"some portion of the investment management fees do not represent profits to the Company," Pls.' Opp'n 20 (citing Martin, 965 F.2d at 671), erroneously assumes that they have made a prima facie showing.

PBIC's review of the Plan lineup was no paragon of diligence. But because the Plaintiffs have failed to establish a prima facie case of loss, counts I and IV must fail as matter of law.[19, 20] In light of the Plaintiffs' failure to establish loss, the Court further declines to grant other declaratory or injunctive relief under section 1132(a)(3) (count V). See Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 824 (1st Cir. 1988) (interpreting "[o]ther appropriate equitable relief" in section 1132(a)(3) to mean "declaratory or injunctive relief, not compensatory and punitive damages").

---

[19] Although this Court applied the burden shifting framework for the purposes of this analysis, the Court finds that the Plaintiffs fail to establish a prima facie case of loss. As a result, the question of whether the burden of persuasion on the loss element shifts to the fiduciary need not be resolved today.

[20] As the text explains, this Court rules that the Plaintiffs' theory that the "procedural breach" makes Putnam's entire mutual fund line up imprudent is simply legally insufficient on this record. It may be reviewed de novo.

Were this a workable theory supported by adequate evidence, it would have been the Court's duty to finish the case since the Plaintiffs at this stage need only have laid out a prima facie case in order to shift the burden of proof to the Defendants.

## V. CONCLUSION

For the foregoing reasons, the Court enters judgment for the Defendants on all remaining counts.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

Case 1:15-cv-13825-WGY Document 203 Filed 06/19/17 Page 1 of 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

John Brotherston et al

Plaintiff(s)

v. CIVIL ACTION NO. 15cv13825-WGY

Putnam Investments, LLC et al

Defendant(s)

## JUDGMENT IN A CIVIL CASE

YOUNG, D.J.

_____ **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X **Decision by the Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED:**

Pursuant to the Findings of Fact and Conclusions of Law entered on June 19, 2017, the Court enters JUDGMENT FOR THE DEFENDANTS ON ALL REMAINING COUNTS.

ROBERT M. FARRELL
CLERK OF COURT

Dated: June 19, 2017

By /s/Matthew A. Paine
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

John Brotherston and Joan Glancy, individually and as representatives of classes of similarly situated persons, and on behalf of the Putnam Retirement Plan,

Plaintiffs,

v.

Putnam Investments, LLC, Putnam Investment Management, LLC, Putnam Investor Services, Inc., the Putnam Benefits Investment Committee, the Putnam Benefits Oversight Committee, and Robert Reynolds,

Defendants.

Case No. 1:15-cv-13825-WGY

C.A. No. ________________

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs John Brotherston and Joan Glancy, individually and as representatives of classes of similarly situated persons, and on behalf of the Putnam Retirement Plan, hereby appeal to the United States Court of Appeals for the First Circuit from the final judgment entered in this action on June 19, 2017.

Dated: July 17, 2017

Respectfully Submitted,

**NICHOLS KASTER, PLLP**
By: /s/ Kai H. Richter
James H. Kaster, MN Bar No. 53946*
Paul J. Lukas, MN Bar No. 22084X*
Kai H. Richter, MN Bar No. 0296545*
Carl F. Engstrom, MN Bar No. 0396298*
Jacob T. Schutz, MN Bar No. 0395648*
*admitted *pro hac vice*
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
kaster@nka.com
lukas@nka.com
krichter@nka.com

**BLOCK & LEVITON LLP**
Jason M. Leviton (BBO #678331)
Jacob A. Walker (BBO #688074)
Bradley J. Vettraino (BBO #691834)
155 Federal Street, Ste. 400
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jason@blockesq.com
jake@blockesq.com
bradley@blockesq.com

cengstrom@nka.com
jschutz@nka.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17 2017, a true and correct copy of Notice of Appeal was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: July 17, 2017 /s/ Kai H. Richter